HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RANDY P. SANDERS,<br><br>    Appellant/Plaintiff,<br><br>v.<br><br>ALLIANCEONE RECEIVABLES MANAGEMENT, INC.,<br><br>    Appellee/Defendant. | Case No. C18-01602-RAJ<br><br>**ORDER GRANTING MOTION TO RESET BRIEFING SCHEDULE** |

This matter comes before the Court on Appellant's motion to reset the briefing schedule for his pending bankruptcy appeal. Dkt. # 9. For the reasons that follow, the Court **GRANTS** Appellant's motion to reset the briefing schedule. Dkt. # 9.

The facts of this case are summarized in more detail in the underlying bankruptcy action and the Court will not repeat them here. On November 2, 2018, Appellant, Randy P. Sanders ("Appellant") appealed the bankruptcy court's order granting summary

ORDER- 1

judgment in favor of Appellee AllianceOne Receivables Management, Inc. ("Appellee"). Appellant failed to submit a complete record in support of his appeal and on February 22, 2019, the Court notified him of this deficiency. Dkt. # 6. Appellant later filed the necessary documents to complete the bankruptcy record for purposes of appeal and the Court subsequently set a briefing schedule, with Appellant's opening brief due by July 29, 2019. Dkt. # 8. On September 13, 2019, Appellant filed a motion to reset the briefing schedule, requesting additional time to file his opening brief. Dkt. # 7.

With respect to appeals from the bankruptcy court, Rule 8001(a) of the Bankruptcy Rules, provides:

> An appeal from a final judgment, order, or decree of a bankruptcy judge to a district court or bankruptcy appellate panel shall be taken by filing a notice of appeal with the clerk of the bankruptcy court within the time allowed by Rule 8002. Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court or bankruptcy appellate panel deems appropriate, which may include dismissal of the appeal.

It is clear that Appellant has violated Rule 8001(a). To date, Appellant *still* has not filed his opening brief. Accordingly, the only question before the Court is whether Appellant's delay is excusable.

Appellant argues that the statute at issue in this appeal, 11 U.S.C. § 523(a)(7), is ambiguous and statutory construction is necessary to interpret these ambiguities. Dkt. # 9 at 2. Because of this, Appellant claims he was unable to meet the Court's July 29, 2019 deadline for his opening brief (nearly nine months after Appellant filed this appeal). Specifically, he notes:

> Attempting to "discover" the law when there is little analysis and not a lot of case law is wearing. One needs to rotate out of the "trenches" before he goes back into the conflict. And Plaintiff's attorney has not been sumptuously remunerated for his efforts in this case and he has other obligations.

Dkt. # 9 at 3-4. Needless to say, this is insufficient to establish excusable neglect sufficient to warrant an extension of time. Appellant filed this appeal. Presumably, when he did so he was aware of any underlying complexities in his case. Rather than timely petitioning the Court for an extension before the July 27, 2019 deadline to file his opening brief, Appellant delayed until September 13, 2019, nearly eleven months after the initial appeal was filed. On this basis alone, Appellant's motion should be denied.

However, because the Court's denial of Appellant's motion to reset the briefing schedule will result in dismissal of this action, the Court must consider whether dismissal is warranted. Specifically, a court must weigh five factors in determining whether to dismiss a case for failure to comply with a court order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (internal citation omitted). In this case, the first two factors clearly weigh in favor of dismissal. Appellant's dilatory conduct has impeded the resolution of this action and the Court's ability to manage its docket. This is clearly prejudicial to Appellee who has been denied prompt resolution of this action. The Court is mindful, however, that counsel's failures may not deserve to be imputed to his client. As such, the Court will consider the imposition of alternative sanctions. *In re Hill,* 775 F.2d 1385, 1387 (9th Cir. 1985).

Accordingly, in lieu of dismissal, the Court will grant a limited extension of the deadline. Appellant's opening brief must be filed within **two days** of the date of this Order. The Court appreciates that this is an extremely condensed deadline, but the Court assumes that Appellant has had sufficient time in the six months since he filed his motion to reset the briefing schedule to complete his brief. *See* LCR 7(j) ("Parties should not assume that [a motion for relief from a deadline] will be granted and must comply with the existing deadline unless the court orders otherwise."). Appellee's response brief is

due within **thirty days** of the date of Appellant's opening brief. Appellant's reply brief must be filed within **seven days** of Appellee's response brief. If Appellant fails to meet these deadlines, the Court will dismiss this action with prejudice.

For the foregoing reasons, the Court **GRANTS** Appellant's motion to reset the briefing schedule. Dkt. # 9.

Dated this 28th day of February, 2020.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge